Shaw C. J.
delivered the opinion of the Court. As it is conceded that the plaintiff performed the voyage, the earnings upon which are claimed in this action, it is clear that he ought to recover, unless a title to the amount has been established by Easton, who claims to hold the amount to his own use, and who has indemnified the defendants. It is claimed by Easton, upon the ground that the plaintiff was his apprentice to learn the trade of a cooper, and that pursuant to a custom in the whale fishery, a master has a right to ship his apprentice and take his earnings.
1. The Court are of opinion, that by force of the contract of apprenticeship, as regulated by the laws of this commonwealth, it is not competent for the master, with whom the apprentice is placed to learn the trade of the master, to send him abroad on a whaling voyage, and receive his earnings. It would be alike contrary to many of the terms and stipulations of the contract itself, and to the nature and purposes of the relation of master and apprentice. It has been repeatedly decided, that in the contract of apprenticeship, whether made by the minor himself, in the cases allowed by law, or by his parent or guardian, or by persons clothed with public authority, a special regard shall be presumed to have been had to the personal character, capacity and qualifications of the master. He is, for the time being and for a considerable period of time, and a most important one to the developement of the character of the apprentice, to stand in loco parentis. A high trust and confidence are reposed in the person of the master. All the considerations which go to support the rule that an ap *113 prentice cannot be assigned over, are arguments against the right of the master to place the apprentice out of his own control and instruction, for the long period of a whaling voyage, averaging from two to four years, a large portion of the usual period of apprenticeship. It is directly repugnant to the leading stipulation on the part of the master, to instruct the apprentice in his trade. Hall v. Gardner, 1 Mass. R. 172 ; Dams v. Coburn, 8 Mass. R. 299 ; Coffin v. Bassett, 2 Pick. 357.[1]
2. The Court are of opinion that the evidence of custom was rightly rejected. In many cases evidence of custom would be competent, even under such an indenture, to show what the nature of a particular trade is, of what branches and particulars it consists, and how it is usually learned and taught. But here the custom was relied upon, to establish rights and duties directly repugnant to the objects and terms of the contract.[2]

Judgment on the verdict.

 See Ayer v. Chase, 19 Pick. 556; Springfield v. Heiskell, 2 Yerg. 546; Commonwealth v. Leeds, 1 Ashmead, 405; Hadnut v. Bullock, 3 Marsh. (Kentucky) R. 300; Commonwealth v. Barker, 5 Binney, 423; Guilderland v. Knox, 5 Cowen, 363; James v. Le Roy, 6 Johns. R. 274; Vickere v. Pierce, 3 Fairf. 315; Phelps v. Culver, 6 Vermont R. 430; Commonwealth v. Edward, 5 Binney, 202; Commonwealth v. Deacon, 6 Serg. & R. 526.

 See Nickerson v. Easton, post, 110; Manchester v. Smith, post, 113.